RECEIVED
JUN 14 2012
U.S.D.C.
WP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CHARLES,
          Plaintiff,

v.

GILEAD KREITER,
          Defendant.

**AMENDED COMPLAINT**

Complaint amended as of course pursuant to FRPC 15(a)(1)

**JURY TRIAL DEMANDED**

12 CIV 4171

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

2. Specifically, this action relates to Defendant Gilead Kreiter's illegal and abusive attempts to collect a debt that Plaintiff does not owe.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 15 U.S.C. § 1692k.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper because the Plaintiff lives here and Defendants transact business here, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

6. Plaintiff Michael Charles (hereinafter "Mr. Charles") is a natural person who has resided at all relevant times in New York, New York.

7. Mr. Charles is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant Gilead Kreiter ("Mr. Kreiter" or "Defendant") is a natural person, doing

business as Bloomingdale Road Judgment Recovery, with a principal place of business at 291 14th Street, Brooklyn, NY 11215.

9. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

10. Mr. Charles maintains a bank account with JP MorganChase.

11. In December of 2011, Mr. Charles learned from his bank that Defendant had served an information subpoena on JPMorganChase.

12. That subpoena bore the caption "Gil Kreiter d/b/a Bloomingdale Road Judgment Recovery, Assignee of Unifund CCR Partners, Judgment Creditor, vs. Michael Charles, Judgment Debtor)" and bore the index number 008269 CVN 2008.

13. No court case bearing the caption "Gil Kreiter d/b/a Bloomingdale Road Judgment Recovery, Assignee of Unifund CCR Partners, Judgment Creditor, vs. Michael Charles, Judgment Debtor)" exists.

14. The index number on the information subpoena corresponds to a case captioned "Palisades Collection, LLC v. Charles."

15. Mr. Charles, having become aware of the default judgment rendered against him in Palisades Collection, LLC v. Charles, is litigating in Civil Court, New York County, seeking to vacate that default judgment.

16. Mr. Charles was never served in Palisades Collection, LLC v. Charles (hereinafter, "the State Court Action") and does not owe money associated with a credit card debt, which is the claim Palisades Collection, LLC alleged in the underlying state court action. This alleged debt which resulted in a default judgment will hereinafter be referred to as the Charles Debt.

17. As Mr. Kreiter revealed in a recent filing in the State Court Action, the caption of his

subpoena itself bore a false statement. Mr. Kreiter claimed in his information subpoena that he was an assignee of Unifund CCR Partners. Mr. Kreiter later revealed that Unifund CCR Partners allegedly transferred the Charles Debt to Bloomingdale Capital Management LLC, and thereafter, Bloomingdale Capital Management LLC transferred the Charles Debt to Mr. Kreiter.

18. Mr. Charles owes no debt to Chase Manhattan Bank (the alleged initial creditor), to Palisades Collection, LLC, to Unifund CCR Partners, to Bloomingdale Capital Management LLC or to Gil Kreiter.

19. No motion was ever made in court to substitute either Unifund CCR Partners, Bloomingdale Capital Management LLC or Mr. Kreiter for the initial plaintiff in this action.

20. New York's Civil Practice Law and Rules Section 5019(c) provides that "a person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order. Upon such filing the clerk shall make an appropriate entry on his docket of the judgment."

21. Mr. Kreiter took no steps whatsoever to follow the mandates of CPLR 5019(c) prior to serving the information subpoena

22. Mr. Kreiter knew or should have known that no assignment of judgment had been filed in the New York County action.

23. Mr. Kreiter knew or should have known that without an assignment of judgment being filed, it was not able to rely on the authority of the New York City Civil Court to enforce the

judgment through the use of an information subpoena and restraining notice.

24. Despite this knowledge, Mr. Kreiter falsely represented in the Information Subpoena and Restraining Notice, that it was authorized to enforce the judgment entered in favor of Palisades Collection, LLC.

25. Upon information and belief, Mr. Kreiter did not take any steps to review the court file or the file of the County Clerk to ensure that an assignment of judgment had been filed.

26. Upon information and belief, Mr. Kreiter's use of an information subpoena to enforce a judgment on behalf of an assignee without filing an assignment of judgment or taking steps to ensure that an assignment has been filed, far from an anomaly, is part of the business plan developed by Mr. Kreiter, who has found that compliance with the CPLR and meaningful pre-enforcement review is not as profitable as serving information subpoenas and restraining notices without review, because the overwhelming majority of consumer collection judgments are enforced against pro se judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false, and deficient, enforcement instruments.

27. Indeed, Mr. Kreiter's more recent filing with the New York City Civil Court casts doubt upon whether Mr. Kreiter is now or ever was in any way authorized to collect the Charles Debt.

28. According to a sworn affidavit of Robert Michel, filed in the State Court Action by Mr. Kreiter, Palisade Collection LLC transferred the right to collect the Charles Debt to Unifund CCR Partners on January 18, 2012.

29. In that same submission, Mr. Kreiter claims that Unifund CCR Partners transferred the Charles Debt to Bloomingdale Capital Management LLC on September 9, 2011 (i.e., prior to its having acquired the debt from Palisade Collection LLC.)

30. In a different portion of that same submission, Mr. Kreiter claims that Unifund CCR Partners transferred the Charles Debt to Bloomingdale Capital Management LLC on September 30, 2011 (i.e., prior to its having acquired the debt from Palisade Collection LLC.)

31. Mr. Kreiter claims that he became authorized to collect the Charles Debt as an assignee of Bloomingdale Capital Management LLC.

32. Obviously, the allegations made by Mr. Kreiter in the State Court Action contain false statements, in that the statements made therein are self-contradictory and logically inconsistent. Exactly which ones, if any, of the above statements in paragraphs 28 through 31 are true is unclear, but it cannot be the case that Bloomingdale Capital Management bought the Charles Debt from Unifund CCR Partners before Unifund CCR Partners acquired the Charles Debt from Palisade Collection LLC.

## CAUSE OF ACTION
## Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

33. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

34. By serving the Information Subpoena and Restraining Notice which purported to be done on behalf of himself Defendant Mr. Kreiter violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

35. Mr. Kreiter violated the FDCPA by using false, deceptive and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e), by representing that he had the right to obtain information from Mr. Charles's bank, through the use of an information subpoena.

36. Mr. Kreiter violated the FDCPA by using false, deceptive and misleading representations

in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e), by representing in some documents that that he was assignee of Unifund CCR Partners and in other documents that he was an assignee of Bloomingdale Capital Management LLC.

37. Mr. Kreiter violated the FDCPA by using false, deceptive and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e), by filing confusing, inconsistent, and necessarily false documents with the State Court, in connection with the collection of an alleged debt.

38. Mr. Kreiter violated the FDCPA by making a false representation as to the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A). A person other than the party recovering a judgment who becomes entitled to enforce it [here, Mr. Kreiter] must file with the Court or the County Clerk a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded. Absent such a filing, Mr. Kreiter would have no legal entitlement to enforce the judgment. Mr. Kreiter's service of the Information Subpoena was a false representation, inasmuch as Mr. Kreiter knew or should have known that he had made no such filing with the Court or the County Clerk and that Mr. Kreiter was not therefore legally entitled to take any steps to enforce the judgment.

39. Mr. Kreiter violated the FDCPA by taking action that cannot legally be taken; in violation of 15 U.S.C. §1692e(5).

40. Mr. Kreiter violated the FDCPA by the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval, in violation of 15 U.S.C. § 1692e(9). By serving JPMorganChase with the Information Subpoena, Mr. Kreiter was creating the false

impression that there actually was a lawsuit captioned <u>Gil Kreiter d/b/a Bloomingdale Road Judgment Recovery, Assignee of Unifund CCR Partners, Judgment Creditor, vs. Michael Charles, Judgment Debtor,</u> when this was not the case.

41.   Mr. Kreiter violated the FDCPA by the use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).  By serving JPMorganChase with the Information Subpoena, Mr. Kreiter was making false representations to JPMorganChase, in order to gather information about Mr. Charles. Not only did he falsely represent that he was an assignee of Unifund CCR Partners, when he was not; he also falsely represented that there was a lawsuit in which a judgment had been granted which bore the caption <u>Gil Kreiter d/b/a Bloomingdale Road Judgment Recovery, Assignee of Unifund CCR Partners, Judgment Creditor, vs. Michael Charles, Judgment Debtor,</u> when this was not the case.

42.   Mr. Kreiter violated the FDCPA by making the false representation or implication that a document is legal process, in violation of 15 U.S.C. § 1692e(13). By sending a subpoena to JPMorganChase bearing the caption <u>Gil Kreiter d/b/a Bloomingdale Road Judgment Recovery, Assignee of Unifund CCR Partners, Judgment Creditor, vs. Michael Charles, Judgment Debtor,</u> Mr. Kreiter made the false representation that such a case actually existed, when this was not the case.

43.   Mr. Kreiter violated the FDCPA by engaging in an unfair and unconscionable practice, in that   in violation of 15 U.S.C. § 1692f, Mr. Kreiter, in serving  JPMorganChase with the

Information Subpoena and Restraining Notice, without having first taken steps to assure that he had a present right to possession of the funds in question.

44. Mr. Kreiter violated the FDCPA by the attempt to collect the debt without having made a prior filing with the Court or the County Clerk, in violation of 15 U.S.C. § 1692f(1), which prohibits collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Attempting to collect a debt without a lawful assignment of that debt is a violation of 15 U.S.C. § 1692f(1);

45. Mr. Kreiter violated the FDCPA by attempting to collect a debt by means of false, deceptive or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e), by representing that he had a valid assignment of the debt, when he could not have had a valid assignment, because the assignor did not yet own the debt.

46. As a result of these violations of the FDCPA, Mr. Charles has suffered actual damages, including, without limitation:

    a. stress and anxiety, including loss of sleep;

    b. damage to his credit;

    c. banking fees; and

    d. legal fees.

47. As a result of these violations, Mr. Charles is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

WHEREFORE plaintiff respectfully requests that this Court award:

(a)   On the FIRST CAUSE OF ACTION (under the Fair Debt Collection Practices Act), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

(b)   Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: June 11, 2012
      White Plains, New York

Respectfully Submitted,

Elizabeth Shollenberger
*Attorney for Plaintiff*
SCHLANGER & SCHLANGER, LLP
343 Manville Road
Pleasantville, NY 10570
Telephone: 914-946-1981, ext. 103
Facsimile: 914-946-2930
Email: eshollenberger@schlangerlegal.com